UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SCOTCHTOWN HOLDINGS LLC                CIVIL COMPLAINT

                    Plaintiff,     **BRIEANT**

     - against -                                      C.V.

THE TOWN OF GOSHEN and              ECF CASE
STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF
HIGHWAYS OF THE TOWN OF GOSHEN,      TRIAL BY JURY DEMANDED

                   Defendants.   **08 CIV. 4720**
------------------------------------------------------------X

The Plaintiff, Scotchtown Holdings LLC (hereafter only "Scotchtown") by its attorney James G. Sweeney for its Complaint herein states as follows:

### NATURE OF THIS ACTION

1. This is an action brought pursuant to the Resource Conservation and Recovery Act, as amended ("RCRA") codified at 42 USC §§6901 *et seq* (hereafter only "the Act") arising out of the unlawful past and present handling, storage, treatment, transportation and disposal of solid wastes and hazardous wastes, including sodium chloride and deicers by the defendant Town of Goshen (hereafter only "the Town") which is causing an immanent and substantial endangerment to the environment specifically at a 33.4 acre tract of land with frontage on Everett Road located in the Town of Goshen, Orange County, NY shown on the Town of Goshen tax map for 2007 as parcel 2-1-6 (hereafter only "the Site") owned by Scotchtown, in violation of the Act. This action seeks a mandatory injunction requiring the Town to fully remediate the contamination it caused at the Site, and a prohibitory injunction preventing the Town from continuing to use sodium chloride in the process of clearing snow

1

and ice from the Town highways under its jurisdiction and, further, this action seeks to recover costs that it has already incurred in conjunction with its efforts to remediate the said contamination.

By virtue of this Court's supplemental jurisdiction Scotchtown also seeks compensatory damages as stated in three state law causes of action joined herewith sounding in trespass upon its lands, private nuisance maintained by the Town and for negligence of the Town by reason of the said contamination, said damages including the loss of the value of the Site for development purposes as otherwise allowed by local and state law.

## JURISDICTION AND VENUE

2. This Court's jurisdiction over the claims set forth herein is found in the Act at 42 USC § 6972(a)(1)(B) and, with regard to the state law claims pleaded herein, in 28 USC §1367(a).

3. On or about December 7, 2007 Scotchtown gave written notice of its claim under the Act which forms the substance of this complaint, to the parties required by the Act and in the manner required by the Act (42 USC §6972(b)(2)(A)).

4. More than 90 days has elapsed since the giving of the said notice.

5. No enforcement agency of the United States, the State of New York or the Town has intervened during those 90 days to enforce the terms of the Act against the Defendants.

6. Based on 28 USC §1391(b) and the residence of all the defendants hereto in Orange County, NY, the proper venue for this Action is the United States District Court for the Southern District of New York.

## THE PARTIES

7. The Plaintiff Scotchtown is a limited liability corporation formed under the laws of New York with its principle place of business at 1170 Route 17M, PO Box 563, Chester, Orange County, NY 10918.

8. The Defendant Town is a municipal corporation of the State of New York with it principle place of business at Town Hall, 41 Webster Ave., Goshen, Orange County, NY 10924.

9. The Defendant Stephen Andryshak is the duly elected Superintendent of Highways (hereafter "the Superintendent") for the Town having offices at the Town of Goshen Highway Garage at 44 Police Dr., Goshen, Orange County, NY 10924. The Superintendent is joined herein as he is the agent of the Town responsible for the acquisition, storage and dispensing of road salt in the operation of clearing snow and ice from the town highways of the Town of Goshen including the town highways in the vicinity of the Site.

## FACTUAL ALLEGATIONS

### i. The Use of Road Salt by the Superintendent

10. The Town, as a municipal corporation of the State of New York, has over many years acquired numerous miles of public ways either by specific conveyance to it or by continued use and maintenance and maintains those ways as "Town Highways" as that term is defined in the NY TL §3[5].

11. Everett Road and John Road, upon which the Site has frontage, are town highways.

12. There are several other town highways in the immediate vicinity of the Site.

13. By virtue of NY HL §140[1] the Superintendent has a statutory duty of "care and superintendence" with respect to the town highways in the Town, including Everett and John roads and the several town highways in the immediate vicinity of the Site.

14. The statutory duty of "care and superintendence" by the Superintendent includes the removal of snow and ice therefrom in order to make the same passable to the general public.

15. In carrying out his duty of care and superintendence of town highways in the Town with respect to the removal of snow and ice therefrom the Superintendent has for, many years prior hereto, used a deicing agent made up primarily of sodium chloride known commonly as "road salt".

16. The Superintendent continues to use road salt as the primary means of removing ice and frozen snow on the town highways in the Town including Everett and John roads and the other town highways in the vicinity of the Site.

17. The road salt used by the Superintendent has, over the past many years, accumulated in the plowed up snow banks along the side of Everett and John roads and the other town highways in the vicinity of the Site including Everett and John roads.

18. Over the past many years the residue of road salt along Everett and John roads and the other town highways in the vicinity of the Site has leached into the ground and ground water below the Site.

19. The continuous use of road salt by the Superintendent to clear ice and frozen snow from Everett and John roads and the other town highways in the vicinity of the Site and the continuous leaching of the residue thereof into the ground and ground water

4

below the Site has led to levels of sodium chloride in the ground water beneath the Site that are elevated above those listed by the New York State Department of Health as safe for human consumption.

20. Such elevated and unsafe levels of sodium chloride currently exist in the ground water below the Site and continue to rise each and every year that the Superintendent continues to use road salt to remove ice and frozen snow from Everett and John roads and the other town highways in the vicinity of the Site.

### ii. Scotchtown's Proposed Development of the Site.

21. The Site is located in a residential zoning district under the current Town of Goshen Zoning Law permitting the development of the Site into lots and parcels for sale to the public and the construction of single family detached dwellings upon approval of a subdivision plat as provided for in NY TL §§276, 277 and the subdivision regulations of the Town.

22. Any such development of the Site must, by virtue of the Town's subdivision regulations and NY TL §277, be accompanied by plans for a potable water supply to the lots and parcels in the proposed subdivision that will be developed with residences.

23. The Site is not served by any public water supply.

24. Because the Site is not served by any public water supply the development thereof into residential housing units must be by means of individual well serving the proposed residences.

25. By virtue of the Town's subdivision regulations and the regulations of the Orange County Department of Health having jurisdiction to review and approve the water

5

supply for such a development by virtue of NY PHL §1120, the plan for such a potable water based on individual wells must demonstrate by actual testing the potability of the ground water supply that will serve and the source of such individual wells.

26. On or about September 15, 2005 Scotchtown submitted a proposed subdivision plat to the Town of Goshen Planning Board for approval of a 10 lot residential subdivision entitle "Lands of Northgate Holdings".

27. In the spring of 2006 Scotchtown began to test the groundwater beneath the Site for purposes of verifying its quality and quantity for purpose of supplying the proposed dwelling in the Northgate Subdivision with a source of potable water.

28. Scotchtown conducted several tests upon the ground water and all revealed that the groundwater while sufficient in quantity to satisfy the projected needs of the proposed 10 lot subdivision was not sufficient in terms of its quality being contaminated with sodium chloride in excess of the safe drinking water containment levels established by the New York State Department of Health.

29. As a result of the groundwater tests Scotchtown was forced to abandon its proposed use of the Site for residential purposes of any purpose that included the use of safe drinking water.

30. Because of the elevated levels of sodium chloride in the said ground water Scotchtown cannot use the Site for any purpose permitted by the Town's zoning law.

31. The aforesaid ground water testing failed to reveal any other source, other than the road salt used by the Superintendent to remove ice and frozen snow from Everett and John roads and the other town highways in the vicinity of the Site, for the elevated levels of

sodium chloride in the said ground water, i.e. from subsurface geological formations containing sodium or chloride, or from other topographical surface conditions in the vicinity of the Site, i.e. storage of salt or malfunctioning equipment on nearby sites using sodium or chlorides.

## CHARGING ALLEGATIONS

### As a First Cause of Action for Injunctive Relief Under RCRA, 42 USC §6972 Against All Defendants

32. Scotchtown repeats each and every allegation set forth in ¶¶1 through 31 above with the same force and effect as if they were set out in full hereat.

33. Sodium chloride is a solid waste as meant by the Act.

34. The Act, at 42 USC §6972(a)(1)(B), provides that any person may commence an action against (a) any person, (b) who has contributed or is contributing to the past or present handling, storage, treatment, transportation of disposal of any solid or hazardous waste, (e) which may present an imminent and substantial endangerment to human health of the environment.

35. Defendants are persons defined in the Act and are past and present generators and transporters of sodium chloride deposited in the Site.

36. The defendant Town in conjunction with the Defendant Andryshak has in the past and continues to contribute to the present handling, storage treatment, transportation and disposal of sodium chloride at the Site in their activities in clearing snow and ice from town highways including Everett and John roads with a deicing agent containing sodium chloride.

37. Once the sodium chloride enters and leaches onto and under the Site it has been discarded and disposed of as meant by the Act.

38. As a direct result of this discharge of sodium chloride on and under the Site by the Defendants, the groundwater beneath the Site has become contaminated and continues to be contaminated.

39. Water samples taken from the Site contain concentrations of sodium exceeding concentrations promulgated by the New York State Department of Health as being safe for human consumption and acceptable for drinking water quality

40. Water samples taken from the Site contain concentrations of chloride exceeding concentrations promulgated by the New York State Department of Health as being safe for human consumption and acceptable for drinking water quality.

41. Neither Scotchtown nor anyone taking from Scotchtown can develop a subsurface supply of water (i.e. a well) on the Site with water that is potable and which can be consumed by humans without risk of illness

42. There is an imminent and substantial endangerment to the health of the future occupants of any dwellings constructed or to be constructed on the Site because the well water that does or will supply those dwellings is contaminated and the Site does not have a drinking water supply available to it that is not contaminated. Subsurface water supply (i.e. wells) is the only means of making drinking water available to the Site.

43. Because of the aforesaid contamination of the groundwater beneath the Site Scotchtown cannot proceed with its plans to develop the Site with residential housing units.

44. The Defendants continue to contaminate the groundwater beneath the Site by continuing to clear snow and ice from town highways, including Everett and John roads, and the other town highways in the vicinity of the Site by using "road salt" containing sodium chloride that leaches into the groundwater beneath the Site.

45. The groundwater contamination on the Site caused by the Defendants is an immanent and substantial endangerment to health and the environment as meant by the Act.

### As a Second Cause of Action Sounding in Common Law Negligence Against All Defendants

46. The Allegations of this Cause of Action sound in common law negligence against both Defendants and are pleaded herein under this Court's supplemental jurisdiction (28 USC §2867 (a)) over state law claims arising out of the same facts supporting the federal claim.

47. Scotchtown repeats each and every allegation set forth in ¶¶1 through 45 above with the same force and effect as if they were set out in full hereat.

48. The actions of the Defendants amount to common law negligence on their part causing injury to Scotchtown.

49. That in accordance with state law requirements (NY GML §50-e) Scotchtown served upon the Defendant Town a notice of claim as required by that law on or about December 3, 2007.

50. That in accordance with state law requirements (NY GML §50-h) Scotchtown has submitted to a pre action examination by the Defendant Town, pursuant to a request therefore, held on May 7, 2008.

### As a Third Cause of Action Sounding in Common Law Trespass Against All Defendants

51. The Allegations of this Cause of Action sound in common law trespass and are pleaded herein under this Court's supplemental jurisdiction (28 USC §2867 (a)) over state law claims arising out of the same facts supporting the federal claim.

52. Scotchtown repeats each and every allegation set forth in ¶¶1 through 50 above with the same force and effect as if they were set out in full hereat.

53. The actions of the Defendants amount to common trespass upon the Site by the said Defendants causing injury to Scotchtown.

54. That in accordance with state law requirements (NY GML §50-e) Scotchtown served upon the Defendant Town a notice of claim as required by that law on or about December 3, 2007.

55. That in accordance with state law requirements (NY GML §50-h) Scotchtown has submitted to a pre action examination by the Defendant Town, pursuant to a request therefore, held on May 7, 2008.

### As a Fourth Cause of Action Sounding in Common Law Private Continuing Nuisances Against All Defendants

56. The Allegations of this Cause of Action sound in common law trespass and are pleaded herein under this Court's supplemental jurisdiction (28 USC §2867 (a)) over state law claims arising out of the same facts supporting the federal claim.

57. Scotchtown repeats each and every allegation set forth in ¶¶1 through 55 above with the same force and effect as if they were set out in full hereat.