UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SCOTCHTOWN HOLDINGS, LLC.,                       Civil Action No. 08 CIV. 4720

          *Plaintiffs,*

                                    **DEFENDANT'S FIRST SET**
   -against-                            **OF INTERROGATORIES**

THE TOWN OF GOSHEN and
STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF
HIGHWAYS OF THE TOWN OF GOSHEN,

          *Defendants.*
------------------------------------------------------------------------X

S I R S:

      PLEASE TAKE NOTICE THAT, pursuant to Rule 33 of the Federal Rules of Civil Procedures and Local Rule 33.3 of this Court, the plaintiff is hereby required to answer under oath within thirty (30) days, the following interrogatories:

    1.    State the exact date and time of day of the alleged accident/occurrence.

    2.    State the exact location of the accident and a description of the location of the accident in sufficient detail to permit ready identification and location, giving distances and directions from roadways, intersections, traffic signals and other objects or landmarks in close proximity.

    3.    State the manner in which the plaintiff claims, or will claim, the accident occurred.

    4.    A statement of the acts or omissions of the answering defendants, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN, constituting the negligence claimed. If multiple defendants, state **separately,** the acts or omissions constituting the negligence of each defendant.

    5.    State whether a dangerous or defective condition is claimed. If so, state:

           (a) The nature of the specific condition which caused the occurrence and state in detail the location, size and description of each dangerous and/or defective condition claimed.

           (b) State whether the answering defendants, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN, their agents, servants and/or employees are alleged to have caused and/or created any defective condition claimed. If it is claimed said defendant(s) caused and/or created any defective condition, set forth the date and

time said condition was caused and/or created, together with the name and address of the agent, servant and or employee who allegedly caused and/or created same.

(c) State whether the answering defendants, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN, are alleged to have had actual notice of any defective condition claimed. If actual notice is claimed, state how said defendants, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN, acquired said notice. If notice was written, set forth a copy of same. If notice was oral, set forth the substance of same and further state the date and place said notice was given and the names and addresses of the persons who gave the notice and to whom notice was given.

(d) State whether the answering defendant, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN, is alleged to have had constructive notice of any defective condition claimed. If constructive notice is claimed, state the length of time the condition existed prior to the happening of the occurrence (in minutes, hours, days, weeks, etc., as nearly as may be stated).

6. State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular provisions thereof, if any, which are claimed to have been violated by the answering defendants, THE TOWN OF GOSHEN and STEPHEN P. ANDRYSHAK AS SUPERINTENDENT OF HIGHWAYS OF THE TOWN OF GOSHEN..

7. If notice is claimed, state whether said notice is actual or constructive. If actual, state when and to whom notice was given. If constructive, state how long it is claimed the condition existed and to whom such notice was given.

8. If it is claimed that the limited liability provisions of CPLR § 1601 do not apply, specify which exception in CPLR § 1602 plaintiff relies upon and separately state this for each defendant.

9. State the full name, date and place of birth, social security number, residence and marital status of each plaintiff at the time of the alleged accident.

10. State the address of each plaintiff at the present time, if different from above.

11. Describe in detail the injuries sustained by plaintiffs as a result of this occurrence indicating the exact location, nature, extent, and duration of each injury and their sequelae.

12. Specifically indicate which injuries are claimed to be permanent.

13. If the plaintiffs claim aggravation, activation and/or exacerbation of a pre-existing injury or condition, set forth the nature, location, extent and duration of each such injury or condition.

14. State the length of time, if any, it is claimed plaintiffs were confined to: (a) hospital (with

dates of admission and discharge); (b) bed; (c) to home following the accident; and (d) give the dates of confinement.

15.  State the length of time under medical care.

16.  State the length of time, giving specific dates, plaintiffs claim they were: (a) totally disabled; (b) partially disabled; and (c) unable to pursue their normal occupation.

17.  State the plaintiff(s) occupations and the name and address of his/her employer: (a) at the time of the accident; (b) at the present time; and (c) if self employed or engaged in some other pursuit, so state, indicating the name and address under which plaintiff(s) are/were doing business, any financial loss alleged, and how computed.

18.  State the length of time, giving specific dates, plaintiffs were incapacitated from employment, school attendance, and/or from attending their usual duties and vocation; the amount of earnings or wages claimed to have been lost including method of calculation, and the base rate of pay, either hourly, weekly, monthly, etc., received by plaintiffs at the time of the occurrence.

19.  Total amounts, if any, claimed as special damages by reasons of (a) physician's services, giving names and specific addresses of all physicians and the specific dates of service; (b) hospital expenses; (c) medical supplies, drugs and medicines; (d) nurse's services; (e) physical therapy, giving names and specific addresses of all providers and the specific dates of service; (f) each other item of special damage, setting forth, as to each supplier or health service, the name and address and dates of service..

20.  State the name and address of each doctor, hospital, clinic, chiropractor, dentist, podiatrist, physical therapist or other health care provider who provided or is providing treatment or other health care services for plaintiff's injuries.

21.  If it is claimed that future monies will have to be expended for medical supplies, dental, medical, and/or psychological treatment, state the nature of same and the estimated cost.

22.  State the basis for the claim that the plaintiff's injuries qualify as "serious" under the provisions of Insurance Law § 5102(d) as alleged in the complaint.

23.  If loss of services is claimed: (a) state the nature of services claimed to be lost; (b) specify the length of time of such loss; (c) specify the dates of such loss; and (d) specify the amount claimed as damages for loss of services.

24.  Identify each person who was present at the scene of the occurrence immediately before, at the time of and immediately after said occurrence.

25.  State whether the plaintiffs are aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint. In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiffs are in the possession of a statement of any such witness, and if so, identify from which witness the plaintiffs have statements and the dates of each such statement.

26. Set forth an itemized list of any and all items of property damage, which will be alleged by plaintiffs including copies of any bills or estimates.

Dated: Elmsford, NY
June 23, 2008

                              Yours, etc.,
                              LAW OFFICES OF DONALD L. FRUM

                              By: _____
                                 H. Malcolm Stewart, Esq.
                              *Attorneys for Defendants*
                              THE TOWN OF GOSHEN and
                              STEPHEN P. ANDRYSHAK
                              565 Taxter Road - Suite 150
                              Elmsford, NY 10523
                              914-347-5522

**To:**
James G. Sweeney, Esq.
Attorney for the Plaintiffs
One Harriman Square
PO Box 806
Goshen, NY 10924
(845) 291-1100